UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In Re

CATHERINE PHILON TATE                                  Case No.  99-13169-MAM-7

    Debtor

CATHERINE PHILON TATE,
JOHN WAYNE ADAMS AND
SHERRY MARIE ADAMS, individually and
on behalf of all others similarly situated

    Plaintiffs

vs.                                                    Adv. No. 09-01059-MAM

CITIMORTGAGE, INC.

    Defendant

## ORDER DENYING MOTION OF DEFENDANT TO DISMISS COMPLAINT

  Steve Olen and Steven L. Nicholas, Attorneys for Plaintiffs, Mobile, Alabama
  Donald J. Stewart, Attorney for Plaintiffs
  Rik S. Tozzi, Attorney for Defendant

This case is before the Court on the motion of CitiMortgage, Inc., the Defendant, to dismiss the case pursuant to Federal Rules of Bankruptcy Procedure 7008(a), 7009, and 7012(b) and Federal Rules of Civil Procedure 8, 9(b) and 12(b).  This Court has jurisdiction to hear this motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court.  This motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court has the authority to enter a final order.  For the reasons indicated below, the Court is denying the motion.

1

## FACTS

The plaintiffs' complaint asserts the following facts. Catherine Tate filed a chapter 7 case in this Court on September 13, 1999. On December 4, 2002, CitiMortgage filed an affidavit in the case in which the signature page was executed and/or notarized separate and apart from one or more of the other pages of the affidavit or exhibits. Specifically, the affidavit was notarized on November 19, 2002 but a payment history attached to the affidavit bears a date of November 21, 2002.

John Adams filed a chapter 13 case in this Court on March 13, 2002. On September 9, 2002, CitiMortgage filed an affidavit in the case in which the signature page was executed and/or notarized separate and apart from one or more of the other pages or exhibits. The affidavit was signed and notarized on September 5, 2002 but the payment history exhibit is dated September 9, 2002. Another affidavit was filed by CitiMortgage in the Adams case on October 1, 2003. The affidavit was signed and notarized on September 3, 2003 but the payment history attached was dated September 30, 2003 and an appraisal attached as an exhibit has a fax legend dated September 29, 2003.

On June 26, 2004, Sherry Adams filed a chapter 13 case in this Court. CitiMortgage filed an affidavit in the case on April 21, 2005. The affidavit was signed and notarized on April 19, 2005. The affidavit incorrectly identifies the affiant three times. The affiant's signature and the notary's signature are on a page separate from the substantive paragraphs of the affidavit. The

2

pages are not numbered.[1]

The complaint seeks relief in three counts. It claims that CitiMortgage's actions "violate the Bankruptcy Code and Rules and constitute an abuse of the bankruptcy process under 11 U.S.C. § 105 and the Court's inherent powers. The plaintiffs seek damages including disgorgement, refunds, credits, sanctions and punitive damages, interest and reasonable attorneys fees. They also seek prospective injunctive relief. The plaintiffs seek to have a class certified in this case. No certification has yet been granted.

## LAW

The defendant seeks dismissal of the complaint pursuant to Federal Rules of Bankruptcy Procedure 7008(a), 7009, 7012(b) and the corresponding Federal Rules of Civil Procedure. CitiMortgage bears the burden of proof that, based upon the facts stated in the complaint, it is entitled to relief. Dismissal of a complaint is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73(1984). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic. V. Twombly*, 550 U.S. 544, 555 (2007).

Specifically, CitiMortgage asserts that the motion should be granted on 6 grounds:

---

[1] CitiMortgage included as a fact in an affidavit attached to its motion that one of the attorneys representing CitiMortgage has died. This fact will not be considered as it is not a fact stated in the complaint. The Court is also precluded on a motion to dismiss from considering facts in the record in the bankruptcy case that are not stated in the complaint. CitiMortgage also included in its recitation of the facts to be considered many allusions to the Court record in each bankruptcy case. Those facts must be excluded from consideration for this motion.

1. Plaintiffs' claims are barred by the doctrine of res judicata.
2. Plaintiffs' claims are barred by the doctrine of waiver.
3. Plaintiffs' claims are barred by the doctrine of laches.
4. Plaintiffs' claims are barred by the one-year time period established by Fed. R. Civ. P. 60(b) and Fed. R. Civ. P. 60(c).
5. The concomitant failure of the "fraud on the Court" claim to either state a claim upon which relief can be granted or meet the *Twombly* standard requires dismissal.
6. Section 105 of the Bankruptcy Code does not provide a private right of action.

The Court will deal with each of the six grounds in turn.

## A.
## Res judicata

CitiMortgage asserts that all of the affidavits in question were filed over 4 years ago and Tate and the Adamses never objected to them at the time. The fact that the payment history exhibit date in each case postdated the signature and notarization dates of the affidavits was clear at the time. CitiMortgage goes one step further and states that "a final judgment on the merits was entered in each case." However, that fact is not contained in the complaint--the document which contains the only facts to be considered. Therefore, to the extent a res judicata defense to the plaintiffs' claims might be proper, it is prematurely raised in this context and due to be denied.

## B.
## Waiver

CitiMortgage asserts that the plaintiffs have waived their rights to contest the propriety of the affidavits because they did not file any objections to the affidavits at the time they were filed in their cases. Again, CitiMortgage attempts to use facts not in the complaint itself to make this argument. Whether Tate or the Adamses objected to the affidavits is not a fact in the complaint.

4

Therefore, to the extent a waiver defense to the plaintiffs' claims might be proper, it is prematurely raised in this context and due to be denied.

C.
Laches

CitiMortgage assert that the plaintiffs' claims are barred by laches. The complaint on its face is clear that the plaintiffs did not file these claims for over four years after the last of the affidavits were filed. In order to establish that the doctrine of laches should apply in this case, CitiMortgage must show that "the plaintiff delayed inexcusably in bringing the suit and that this delay unduly prejudiced defendants." *Equal Employment Opportunity Commission v. Dresser Industries, Inc.*, 668 F.2d 1199, 1202 (11th Cir. 1982) (quoting *Bernard v. Gulf Oil Co.*, 596 F.2d 1249, 1256 (5th Cir. 1979). CitiMortgage argues that an "attorney who was responsible for filing one of the affidavits has died, witnesses are dispersed and key documents may have been lost forever." Defendant CitiMortgage, Inc.'s Memorandum of Law in Support of its Motion to Dismiss, dated July 22, 2009, page 20. As stated above, none of these facts are in the complaint other than the at least 4 year delay in filing this action. The delay itself is insufficient to establish the applicability of laches.

> Because a court asked to apply laches must determine the reasonableness of--and hence the reasons and excuses for--the plaintiff's delay in filing suit, as well as the resulting prejudice suffered by the defendant, laches generally cannot be decided on a motion for summary judgment let alone a motion to dismiss.

*Axcan Scandipharm, Inc. v. Ethex Corp.*, 585 F. Supp. 2d 1067, 1081 (D. Minn. 2007). That is the case here and the motion to dismiss based upon laches is denied at this time.

D.
Bar of Rule 60(b) and (c)

CitiMortgage asserts that Tate and the Adamses claims are barred by the one-year time limit established by Fed. R. Civ. P. 60(b) and (c) as incorporated into Fed. R. Bankr. P. 9024. Rule 60(b) and (c) provides that when relief is sought on account of "mistake, inadvertence, surprise, or excusable neglect [or] newly discovered evidence [or] fraud, . . . misrepresentation, or misconduct by an opposing party," there is a one year time frame within which the motion to reopen a judgment may be brought. The complaint does not incorporate any facts about what final orders resulted from the filing of the affidavits in question. Therefore, the motion is premature on this ground.

However, there is also an exception to the one-year time limit that is applicable in this case as well that precludes relief to CitiMortgage. Rule 60(b) allows a judgment to be set aside at any time based upon a fraud on the court. A fraud on the court is

> that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.

*S.E.C. ESM Group*, 835 F.2d 270, 273 (11th Cir. 1988) (quoting *Traveler's Indemnity Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) which quotes 7 J. Moore & J. Lucas, MOORE'S FEDERAL PRACTICE, ¶ 60.33)). The complaint, on its face, asserts a claim that could be sufficient for relief based upon the facts stated. It is sufficient to meet the threshold required for a motion to dismiss. Tate and the Adamses' bankruptcy cases had affidavits filed in them that, according to the facts stated, did not meet the procedural requirements for sworn affidavits. An attorney was involved in presenting these affidavits to the Court in prosecution of motions before the Court. The motion is due to be denied.

## E.
## Fraud on the Court

CitiMortgage asserts that the plaintiffs' fraud on the court claim is due to be denied because it does not allege that the fraud made any difference in the outcome of the motions filed by CitiMortgage. This is true; there is no allegation of specific damage to the plaintiffs. However, fraud on the court can be of two kinds. The first is fraud between the parties. The other is fraud, as stated above in the quote from the *Travelers Indemnity v. Gore* case, which is truly a fraud on the court itself. Fraud between the parties may require that there be some damage to the party alleging fraud to be actionable. The Court could find no case that specifically stated that fact but it seems obvious that harm would be the reason someone would seek the relief. However, fraud upon the court itself does not require damage to a party. It requires proof of actions that abuse or defraud the court system and/or a particular court itself, particularly if the fraud is a recurring one as alleged in the complaint.[2] *Trehan v. Von Tarkany*, 63 B.R. 1001 (S.D.N.Y. 1996) (fraud of attorney using forged article in trial).

Therefore the complaint is not deficient in the allegations stated. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) held that a complaint must state a plausible claim for relief to escape dismissal at the motion to dismiss stage of the case. CitiMortgage asserts that the complaint does not assert specific facts that make the claims of fraud on the court and abuse of the bankruptcy process plausible. The Court disagrees. The facts stated that show that in four instances affidavits were filed in this Court that were signed and notarized as of a date prior to

---

[2] This allegation is supported by the fact that there are 4 affidavits filed with similar deficiencies, leaving aside the allegations that there are other members of a class with similar issues.

7

the creation of an exhibit which is incorporated into each affidavit by reference are sufficient to meet the standard.

F.
Section 105 and a Private Right of Action

CitiMortgage asserts that the plaintiffs' case should be dismissed because, to the extent the claims are based upon § 105 of the Bankruptcy Code, the complaint does not state a claim upon which relief can be granted. Section 105, according to CitiMortgage does not provide a private right of action upon which the debtors/plaintiffs can base their case. This Court has previously ruled that section 105 and a court's inherent powers do state a claim upon which relief can be granted.

> As stated in *In re Sims*, [278 B.R. 457 (E.D. Tenn. 2002)] courts have authority to sanction abusive actions pursuant to 11 U.S.C. § 105. Id. at page 481-82. Courts have entertained this type of relief in other cases and have allowed recovery to parties when a party's action in a bankruptcy case warranted relief. E.g. *Walton v. La Barge (In re Clark)*, 223 F.3d 859 (8th Cir. 2000) (awarding attorneys fees and expenses to United States Trustee as sanction against improper attorney disclosures); *In re Rimsat, Ltd.*, 212 F.3d 1039 (7th Cir. 2000) (awarding sanctions against creditor and creditor's counsel for abuse of process in handling of depositions); *In re Volpert*, 110 F.3d 494 (7th Cir. 1997) (same); *Caldwell v. Unified Capital Corp. (In re Rainbow Magazines, Inc.)*, 77 F.3d 278 (9th Cir. 1996 (same); *Jones v. Bank of Santa Fe ( In re Courtesy Inns, Ltd.)*, 40 F.3d 1084 (10th Cir. 1994). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (utilizing inherent contempt powers of courts); *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567 (11th Cir. 1995) (same). In fact, in the *Sims* case, the Court denied Capital One's motion to dismiss the plaintiff's claims under section 105. *Sims* at p. 481-82. The plaintiffs in this case, like Sims, allege that potentially thousands of debtors have had improper proofs of claim filed in their cases. In this case, the Court assumes that the debtors intend to prove that Bank One systematically and knowingly overstated claim balances in these cases and others around the nation. Therefore, relief may be appropriate depending upon the proof provided at trial.

*Corner v. First USA Bank, N.A. (In re Corner)*, order dated July 3, 2003, Adv. Proc. No. 03-01034-MAM, Case No. 02-13156-MAM-13. The Court made a similar ruling citing other

8

relevant cases--*Thigpen v. Matrix Financial Services*, order dated May 25, 2004, Adv. Proc. No. 04-01035, Case No. 02-14280-MAM-13. The reasoning and cases contained in *Corner* and *Thigpen* are incorporated by reference.

Since the *Corner* and *Thigpen* rulings, there have been several more rulings by other courts holding that courts have the authority to deal with false documents or inappropriate procedures under section 105 or the inherent powers of the Court. E.g., *Rojas v. CitiCorp Trust Bank FSB*, 2009 WL 2496807 (Bankr. S.D. Tex. 2009); *In re Wilson*, 2009WL 304672 (Bankr. E.D. La. 2009); *In re Hague,* 395 B.R. 799 (Bankr. S.D. Fla. 2008); In re *Ebel*, 371 B.R. 866 (Bankr. S.D. Ill. 2007); *In re Osborne*, 375 B.R. 216 (Bankr. M. D. La. 2007). Thus, CitiMortgage's motion is due to be denied on this ground.

G.
Knowledge of Plaintiffs as Grounds for Dismissal

CitiMortgage asserts that the Court should grant its motion for dismissal on res judicata, waiver and laches grounds by reason of the fact that the plaintiffs knew or should have known of the stated improprieties in the affidavits which the plaintiffs use as the basis for their claims. The *Thigpen* opinion denied Matrix Financial's motion to dismiss, but stated that "unless Ms. Thigpen knew or should have know of the alleged falsity or impropriety of the affidavit before the final relief from stay order, res judicata could not apply." *Supra.* The Court has now had the issue of knowledge as a defense placed before it in this case. The issue was not before it on the motion to dismiss in *Thigpen* because the facts did not show that Thigpen knew of the problem with the affidavit.

In this case, the facts stated in the complaint show that Tate and the Adamses at least

could have known of the alleged improper notarization and execution. However, the Court concludes that whether Tate and the Adamses knew or should have known of the alleged improprieties of CitiMortgage does not result in dismissal of the complaint at this point in the proceedings.

The plaintiffs are alleging fraud on the court that is not between the parties but is the type of fraud that damages the judicial process and/or is an affront to the court as an institution. This type of fraud does not require any due diligence by the plaintiffs and their knowledge is not a defense. The U.S. Supreme Court case of *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), *modified on other grounds, Standard Oil Co. v. U.S.*, 429 U.S. 17 (1976), dealt with the issue of false documents that Hazel-Atlas did not discover were clearly false until after trial and appeal of the case was over. Hazel-Atlas did have information that an article put into evidence at trial might not have been true.

> But even if Hazel did not exercise the highest degree of diligence, Hartford's fraud cannot be condoned for that reason alone. This matter does not concern only private parties. There are issues of great moment to the public in a patent suit. Furthermore, tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institution set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants. The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud.

*Id*. at 1001 (citations omitted).

Other courts have followed this ruling. *Humphrey v.K.W. Thompson Tool Co.*, 63 F.3d 1128 (9th Cir. 1995); *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259 (10th Cir. 1995); *In re MTG, Inc.*, 366 B.R. 730 (Bankr. E.D. Mich. 2007).

No court can be prevented from determining whether any attorney or litigant has abused the court or the judicial process merely because no party caught the impropriety before a ruling. A debtor's focus on his or her own issues should not allow fraudulent practices to be ignored or punishment for them avoided. The damage alleged in this case is far more widespread than damage to an individual debtor. The damage is to the system itself. If improper procedures are followed by parties or their counsel, they must be unearthed, examined, and punished if necessary. This is the only way to keep the judicial process fair and above criticism.

## CONCLUSION

In the present case, it is possible that relief could be granted to the plaintiffs based on the facts stated in the complaint. Dismissal is inappropriate.

THEREFORE IT IS ORDERED that the Motion of the Defendant, CitiMortgage, Inc., to Dismiss the case is DENIED.

Dated: October 29, 2009

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE